

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2006

# Avetisyan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4724

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Avetisyan v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1724.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1724

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4724
_____

VARDAN AVETISYAN,
Petitioner
v.

ALBERTO GONZALES, Attorney General
of the United States,
Respondent
_____

On Petition for Review of an Order of the Board of Immigration Appeals
INS No. A79 329 992

Immigration Judge: Honorable Henry S. Dogin

Submitted Under Third Circuit LAR 34.1(a) January 13, 2006

Before:   ROTH, FUENTES, and ROSENN, Circuit Judges

(Filed January 24, 2006)

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Varden Avetisyan appeals the denial of his claims for political asylum,

withholding of removal, and relief under the Convention Against Torture.  Specifically,

he appeals the adverse credibility determination made by the Immigration Judge ("IJ")

and affirmed by the Board of Immigration Appeals ("BIA"). Because we find that the credibility decision is supported by substantial evidence, we affirm.

We review adverse credibility determinations of the BIA and IJ for substantial evidence. *Cao v. Attorney General*, 407 F.3d 146, 152 (3rd Cir. 2005). Under this standard, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3rd Cir. 2001). Where an opinion issued by the BIA essentially adopts the opinion of the IJ, we review both opinions. *Gao v. Ashcroft,* 299 F.3d 266, 271 (3rd Cir. 2002). As the BIA's short opinion adopts the IJ's oral opinion, we have reviewed both opinions.

Because we write primarily for the parties, we briefly refer to the salient facts. Avetisyan arrived in the United States in 2000 on a non-immigrant J-1 visa and subsequently applied to have his visa changed to B-2 ("tourist") and extended. Before the tourist visa expired he attempted to change his visa status again to that of a student. This final visa application, which was found to contain false statements and fraudulent documentation, was denied in 2001 and he thereupon applied for asylum and withholding of removal.

Avetisyan bases his claim for asylum on his testimony that he was persecuted for his political views as a student at the University of Yerevan, Armenia, and while serving in the Armenian army. He claims that as a student he was taken to a police station and beaten for his support of the opposition party during an election. He also testified that

2

school administrators told him that he would be expelled if he continued his political opposition. He also testified that he was beaten by the KGB several times in connection with his activities. While in the Army, he claims that he was pressured to withdraw statements he made about the death of a fellow soldier, because of a government cover-up, and was threatened and beaten when he refused.

The IJ and BIA found a number of inconsistencies and falsehoods in Avetisyan's presentation. Some of the minor discrepancies between his testimony and his asylum application might be explained by the differences that come from telling a story twice. For example, Avetisyan testified that he was pushed out of a building during one incident during an election, not arrested or taken away, but in his asylum application he wrote that "militiamen drove us out of the University's territory. . . . [they] took us far away from the University and told us to stay away from the building." Additionally, the asylum application and Avetisyan's testimony differed by a month on the date of a student demonstration that ended with a beating and a broken rib. Such discrepancies, in the face of an otherwise consistent, detailed, and believable story, would probably not support an adverse credibility determination. *See Gao*, 299 F.3d at 272 (minor inconsistencies and omissions are not an adequate basis for an adverse credibility finding). The IJ said as much during the hearing.

In this case, however, the BIA and IJ did not rely solely on minor inconsistencies in Avetisyan's story for their credibility determination. On cross examination, Avetisyan

admitted that his student visa application contained numerous falsehoods. His explanation is that he saw an advertisement by someone who handled visa applications, and gave this person the full responsibility for his visa application. Although he admits signing the document, he testified that he did not know of its contents and that he never saw the wholly false job verification letter that was attached to the application. He stated, "I was told in the office that he's going to take care of filling out. All I had to do was sign. " Denying all knowledge of the contents of his visa application does nothing to enhance his credibility, especially as the IJ found that he had some proficiency in English. Under the circumstances, it was not unreasonable for the IJ and BIA to disbelieve Avetisyan's assertions of complete innocence in that matter.

The IJ also found that Avetisyan should have been able to provide some form of corroborative documentation to support his claims of political persecution. The IJ found that there were no documents supporting his claims to numerous beatings and subsequent medical treatments, including a four-week hospital confinement, his membership in a political organization as a student, or his later involvement in a human-rights organization. Given the time between his December 2001 notice and the July 2004 evidentiary hearing and the open lines of communication between the United States and Armenia, the IJ found that Avetisyan could have produced at least some documents if the events Avetisyan described were true. The IJ found it was impossible to believe that Avetisyan was involved in the student struggles without some corroborative proof.

4

The documents the IJ expected should have been within Avetisyan's power to obtain, such as the medical records and records of membership in political organizations. *See Dia v. Ashcroft*, 353 F.3d 228, 253-54 (3d Cir. 2003). Although we realize that documents related to persecution are often unavailable, Avetisyan did not even explain his failure to provide them. In view of the other problems with his application, it was not unreasonable for the IJ to expect some corroborative documents. *See Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir. 2003).

Together, the false visa application, the lack of documentary evidence, and the minor inconsistencies support the IJ's and BIA's decisions to deny Avetisyan's application. We hold that the IJ's adverse credibility determination and the BIA's affirmance are supported by substantial evidence. We therefore deny the petition for review.